```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

ELANA PARKER                                  CIVIL ACTION

VERSUS                                        NO. 04-1801

CRESCENT GUARDIAN, INC.                       SECTION "R"(2)
```

### ORDER AND REASONS

Defendant Crescent Guardian, Inc. moves for summary judgment on plaintiff Elana Parker's retaliatory discharge claim, the only claim remaining in this case. Parker opposes the motion. For the following reasons, the Court GRANTS Crescent Guardian's motion.

### I.   BACKGROUND

Plaintiff Elana Parker worked as a security guard for defendant Crescent Guardian, Inc. at an Army Corps of Engineers facility in Venice, Louisiana from September 2001 through July 2003. (*See* Rec. Doc. 22 Ex. A, at 68). Parker alleges that female security guards at the Venice location were treated less favorably than the male security guards because (i) they were

forced to work the night shifts, while male employees were given the day shifts (*see id.* at 121); (ii) they were required to work holidays (*see id.* at 124-25); (iii) they were required to work excessive overtime hours (*see id.* at 126); and (iv) they were disciplined for switching shifts, even though male employees were allowed to switch shifts. (*See id.* at 80-81). Parker asserts in her brief that she complained to Crescent Guardian about this disparate treatment on numerous occasions.

Parker also alleges that she was sexually harassed while at Crescent Guardian. Specifically, she asserts that (i) other employees circulated a rumor that she was sexually involved with one of the Corps of Engineers employees (*see* Rec. Doc. 22 Ex. A, at 91-106); (ii) male employees told female employees sexually explicit jokes and left printed copies of the jokes lying around the workspace (*see id.* at 107-12); and (iii) male employees frequently made inappropriate comments about women's bodies. (*See id.* at 114-17). Parker filed a written complaint with Crescent Guardian about the rumor, and as a result of Parker's complaint, Crescent Guardian held an employee meeting concerning sexual harassment. (*See id.* at 92-96, 101-02). Parker also states that she made verbal complaints about the inappropriate cartoons and comments. (*See id.* at 112-13, 116).

In July 2003, one of the other security guards, Jeff

Chartier, who is the son of one of the Corps of Engineers officials at the Venice facility, allegedly took a one-week vacation without permission and signed his name on the time sheets to make it appear as if he had shown up for work. (*See id.* at 127-29). Parker reported this incident to Crescent Guardian. (*See id.*).

On July 28, 2003, shortly after Parker reported Jeff Chartier's unauthorized vacation, Crescent Guardian fired Parker. Crescent Guardian's stated reason for terminating Parker is that Robert Chartier, Jeff Chartier's father, requested that Parker be dismissed because she had, *inter alia*, falsified her time sheets. (*See* Rec. Doc. 22 Ex. A, at Exs. 18-19).

Parker filed this action on June 28, 2004, asserting claims for sexual discrimination, sexual harassment, retaliation, and unpaid overtime wages. Parker has since abandoned all of her claims except the retaliation claim. (*See* Rec. Doc. 22 Ex. A, at 118-20; Rec. Doc. 31, at 2). Crescent Guardian now moves for summary judgment on that claim. Crescent Guardian argues that Parker has not shown any evidence that she was fired because of her complaints about sexual discrimination or sexual harassment. Parker opposes the motion and asserts that she was fired because of her complaints that male employees were given preferential treatment.

**II. DISCUSSION**

 **A. Summary Judgment Standard**

 Summary judgment is appropriate when the pleadings and summary judgment evidence establish that "there is no genuine issue as to any material fact" and that judgment as a matter of law is appropriate. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The purpose of the procedural device of summary judgment is to "'enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). Before granting summary judgment, the district court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

 The moving party "bears the initial responsibility" of establishing that there is no genuine issue as to any material

fact. *Celotex*, 477 U.S. at 323. If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See id.* at 325; *see also Lavespere*, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See id*. at 325; *Little*, 37 F.3d at 1075.

**B.   Analysis**

Title VII of the Civil Rights Act of 1964 makes it an unlawful employment practice for an employer to discriminate against an employee because the employee "has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3. To establish a *prima facie* case of retaliation under Title VII, a plaintiff must demonstrate that (i) the plaintiff engaged in an activity protected by Title VII; (ii) the employer took adverse employment action against the employee; and (iii) a causal connection exists between the

protected activity and the adverse employment action.  *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003); *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 705 (5th Cir. 1997).

An employee engages in protected activity if she opposes any practice made unlawful by Title VII, or makes a charge, testifies, assists, or participates in an investigation, proceeding, or hearing under Title VII.  *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 427-28 (5th Cir. 2000) (citing 42 U.S.C. § 2000e-3).  A plaintiff need not show that the practice she opposed was actually unlawful.  *Id.* at 428.  Rather, she must show only that she had "a reasonable belief that the employer was engaged in unlawful employment practices."  *Id.* (citing *Payne v. McLemore's Wholesale & Retail Stores*, 654 F.2d 1130, 1140 (5th Cir. 1981)).  Here, Parker has offered some evidence that she engaged in activity protected by Title VII.  At her deposition, Parker testified both that she filed a written complaint with Crescent Guardian about the rumor that she was sexually involved with one of the Corps of Engineers employees and that she verbally complained about other instances of sexual harassment.  (*See* Rec. Doc. 22 Ex. A, at 92-94, 112-13, 116).

In her opposition brief, Parker asserts that she also complained about the preferential treatment that male employees received at the Venice location.  As evidence of her complaints,

Parker cites only an unsworn, unsigned affidavit that is attached to her opposition brief and a similar, and also unsigned, affidavit submitted in another employee's case. (*See* Rec. Doc. 31 Ex. B); *Mackey v. Crescent Guardian, Inc.*, No. 04-1762, Rec. Doc. 36, at 10-11 (E.D. La. filed June 25, 2004). Neither of these unsigned statements is competent evidence on this motion for summary judgment. *See Okeye v. Univ. of Texas Houston Health Sci. Ctr.*, 245 F.3d 507, 515 (5th Cir. 2001) (unsigned statement "is not competent summary judgment evidence because it does not comply with the requirements of Federal Rule of Civil Procedure 56(e)"); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988) (unsworn affidavit "disregarded as summary judgment proof" because it "allow[ed] the affiant to circumvent the penalties for perjury in signing onto intentional falsehoods").

The Court notes that an affidavit was discussed at Parker's deposition and that Parker stated that she had signed the affidavit. (*See* Rec. Doc. 22 Ex. A, at 139-41). Parker was not asked at the deposition to confirm any of the statements in the affidavit. If Parker in fact signed an affidavit, counsel for plaintiff should have supplied the signed version in opposition to the motion for summary judgment. Moreover, even if Parker did sign a copy of the affidavit, there is no evidence that the affidavit was sworn or that she otherwise attested to the

veracity of the statements under penalty of perjury.  *See Nissho-Iwai*, 845 F.2d at 1306.  The Court will not consider the statements in Parker's unsworn, unsigned affidavit on this motion.  Accordingly, the Court finds that Parker has made a *prima facie* showing that she complained about sexual harassment but not sexual discrimination at Crescent Guardian.

The second element of a *prima facie* retaliation case is adverse employment action.  Adverse employment action includes only "ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating."  *Ackel*, 339 F.3d at 385 (quoting *Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642, 657 (5th Cir. 2002)).  Parker's July 2003 discharge from Crescent Guardian is sufficient to satisfy this element.

The final element of Parker's *prima facie* case is that she must show that she was terminated as a result of her complaints.  The standard of causation at the *prima facie* stage is not incredibly stringent, but a plaintiff must nevertheless "produce *some* evidence of a causal link between the protected activity and the adverse employment action."  *Id.*

Crescent Guardian argues that Parker has not satisfied this element because she has not produced sufficient evidence to show that she was fired because of her complaints.  Crescent Guardian also asserts that Parker's claim that she was fired for

complaining about sexual harassment and sexual discrimination is belied by her deposition testimony, in which she stated that Crescent Guardian fired her because she reported Jeff Chartier's unauthorized vacation:

> Q. Count IV you claim that: "As a result of complaints made by Elana Parker, the terms and conditions of employment became different from the terms and conditions of male employees at the same post and location; and as a result of such complaining about sexual slander, Crescent Guardian, Inc. retaliated by terminating Elana Parker as of July 28, 2003, with a pretext for termination." Now, you were actually --
>
> A. It wasn't because of sexual harassment; it was because of [sic] I made a complaint about Jeff Chartier.
>
> Q. That you were terminated?
>
> A. That's the reason why I think I were.
>
> Q. Okay.
>
> A. Because he went on vacation; and I called into the office, they didn't know nothing about him going on vacation.
>
> . . . .
>
> A. But it was because I called in on Jeff Chartier; Jeff did not let 'em know he was going on vacation; he signed the time sheet; his name, the whole time sheet like he was getting paid; and I whited out his name, and put mine.
>
> Q. Okay. So the Count IV, the retaliation for filing that complaint that we

9

>    already went over on 9/14/02, you're not
>    claiming that you were fired from
>    Crescent Guardian for filing that
>    complaint; correct?
>
> A. No.  Correct.
>
> Q. You think you were terminated because of
>    what you just told me about Jeff
>    Chartier?
>
> A. Yes.
>
> Q. Okay.
>
> A. 'Cause [Marian Pierre] wanted to keep
>    her contract [with the Corps of
>    Engineers]; so she had to let us go in
>    order to keep her contract.

(Rec. Doc. 22 Ex. A, at 127-29).  Parker acknowledges this statement in her opposition brief, but relies on her unsworn affidavit to assert that her complaint about Jeff Chartier was "part of the women's overall and continuing complaints about the favoritism shown the men."

   The Court finds that Parker has failed to provide *prima facie* evidence to show that she was fired because of her complaints about sexual discrimination or sexual harassment at Crescent Guardian.  To begin with, Parker's unsworn affidavit is not admissible.  More importantly, Parker's deposition testimony affirmatively establishes that Parker herself does not believe that she was fired because of her complaints about sexual discrimination.  The clear import of Parker's deposition

testimony is that she believes that Crescent Guardian fired her because she complained about Jeff Chartier's vacation, and that Crescent Guardian did not want to endanger its relationship with the Corps of Engineers and Robert Chartier, Jeff Chartier's father. Although this testimony is evidence that Crescent Guardian might have unfairly terminated Parker and improperly favored Jeff Chartier because of his father's position with the Corps of Engineers, there is no evidence that Crescent Guardian's action was related to Parker's sex or to any complaints about sexual discrimination that Parker may have made, and this testimony therefore cannot support a retaliation claim under Title VII. *See, e.g.*, *Preston v. Wis. Health Fund*, 397 F.3d 539, 541 (7th Cir. 2005) ("Neither in purpose nor in consequence can favoritism resulting from a personal relationship be equated to sex discrimination."); *Ackel*, 339 F.3d at 382 (favoritism bestowed upon "paramour" was unrelated to gender and could not support Title VII claim); *Platner v. Cash & Thomas Contractors, Inc.*, 908 F.2d 902, 905 (11th Cir. 1990) ("However unseemly and regrettable nepotism may be as a basis for employment decisions . . . it is clear that nepotism as such does not constitute discrimination under Title VII."). Because Parker has not shown any causal connection between her complaints about sexual harassment or sexual discrimination and Crescent Guardian's

decision to fire her, she has failed to establish a *prima facie* case of retaliation, and the Court will therefore grant Crescent Guardian's motion for summary judgment.

**III. CONCLUSION**

For the reasons stated above, the Court GRANTS Crescent Guardian's motion for summary judgment.

New Orleans, Louisiana, this __3rd__ day of April, 2006.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE